UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JIMIL MUHAMMED SHEIKH,

        Plaintiff,

v.                                   Case No:   6:13-cv-1845-Orl-28KRS

CAMILLE MARTIN, HUBERT GRIMES,
STATE OF FLORIDA, ATTORNEY
GENERAL, STATE OF FLORIA and
STATE ATTORNEY,

        Defendants.

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

        This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)
>
> **FILED:** November 26, 2013

**I.    PROCEDURAL HISTORY.**

        In May 2013, the Plaintiff in this case, Jimil Muhammed Sheikh, filed a complaint in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County Florida. Doc. No. 1-1. He named the following defendants: Volusia County Sheriff's Deputy Matthew Ihnken, individually; Volusia County Sheriff's Sergeant Webster, individually; Volusia County Sheriff Ben Johnson, in his official capacity ("Sheriff Johnson"); Volusia County, Florida ("County"); the Mayor of the City of Deltona, in his official capacity ("Mayor"); the City of Deltona ("City"); Assistant State Attorney Camille Martin, individually ("ASA Martin"); State Attorney R.J.

Larizza, in his official capacity; Seventh Judicial Circuit Judge Hubert Grimes, individually ("Judge Grimes"); the State of Florida ("State"); and, Attorney General Pam Bondi, in her official capacity ("Attorney General"). *Id.*

Sheikh alleged that Deputy Ihnken, ASA Martin and Judge Grimes committed legal malice, implied malice, malicious abuse of process, false arrest/false imprisonment, intentional battery and malicious prosecution arising out of the preparation of an incorrect charging affidavit by Deputy Ihnken for the arrest of Sheikh for interference with child custody, the presentation of that affidavit by ASA Martin to Judge Grimes seeking a warrant for Sheikh's arrest, and Judge Grimes's issuance of the arrest warrant and setting a $50,000 bond. Doc. No. 1-1. He further alleged that Deputy Ihnken, Sergeant Webster, ASA Martin and Judge Grimes tortiously interfered with the parent-child relationship between Sheikh and his children. He alleged that Deputy Ihnken, ASA Martin, Judge Grimes, the City, and the County were liable for "defamation of character libel." Additionally, he alleged that the Sheriff, the County, the City and the Mayor committed negligence and negligent infliction of emotional distress, by, among other things, failing to investigate the charges against him properly and failing to train law enforcement officers properly. While Sheikh named the State, the Attorney General and State Attorney Larizza as defendants, the complaint did not allege how these defendants participated in any of the causes of action alleged. *Id.*

In this case, Sheikh alleges that, on September 27, 2013, the state court dismissed some defendants "pursuant to Florida state Sovereign immunity clause" and allowed Sheikh to file an amended complaint. Doc. No. 1 at 6. On November 25, 2013, Sheikh filed an amended complaint in state court against only Deputy Ihnken, individually, Sheriff Johnson, in his official capacity, the County and the City. Doc. No. 1-5.

The day after Sheikh filed his amended complaint in state court, he filed a Verified Complaint in this Court ("Verified Complaint").  He alleges that the state court denial of his claims "makes this action Ripe to bring to the Federal Court for relief."  Doc. No. 1 at 2.  In the Verified Complaint, Sheikh alleges the same causes of action he alleged in his original state court complaint, together with new claims of negligent and intentional infliction of emotional distress against Deputy Ihnken, Sgt. Webster, ASA Martin, Judge Grimes and the City, as well as a claim for "defamation of character slander" against Deputy Ihnken, ASA Martin, Judge Grimes, the City, the County, the State and Sheriff Johnson.  *Id.* at 27-34.  He names essentially the same defendants named in the original state court complaint, except he does not include the Mayor as a defendant and he appears to add the Deltona City Commission as a defendant. *See id.* at 35-36.

In the Verified Complaint, Sheikh also generally alleges that he "brings this suit pursuant to *Title 42 U.S. Code* § *1983* for violation of certain protections guaranteed to him by the First, Fourth, and Fourteenth Amendments of the federal Constitution, by the Defendant under color of law in his capacity as a judge in the Seventh District Judicial Circuit Court of Volusia County."  Doc. No. 1 at 2.  He further generally alleges that "Defendants Collectively Violated Some of plaintiff's Federal Rights under 42 U.S.C. 1983 and 1985 Civil rights."  *Id.* at 7.  Additionally, he alleges that this Court has jurisdiction "under the Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. sec. 1983 and 42 U.S.C. sec. 2201[1] and 18 U.S.C. section 241 and Section 242."  *Id.* at 3.  He does not, however, allege in any of the fourteen counts of the Verified Complaint any claim of violation of a specific constitutional right against any Defendant.

---

[1]  Section 2201of Title 42 relates to the Atomic Energy Commission. Doc. No. 1 at 3.  It appears that Sheikh may have intended to cite to the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

Sheikh, who is appearing *pro se*, seeks to proceed without prepayment of fees and costs. Doc. No. 2.

## II. APPLICABLE LAW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

To state a claim on which relief may be granted, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). A claim is facially plausible when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* (citation omitted). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and as such, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). When reviewing a complaint for failure to state a claim, the facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff. *See Behrens v. Regier*, 422 F.3d 1255, 1256 (11th Cir. 2005) (citation omitted).

A complaint is frivolous within the meaning of § 1915(e)(2)(B), if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal on grounds of frivolity may be appropriate if the district court sees that an affirmative defense ─ such as absolute immunity ─ would defeat the action. *See Clark v. Ga. Pardons & Paroles Bd.*,

915 F.2d 636, 640 & n.2 (11th Cir. 1990) (citations omitted).

Additionally, under Fed. R. Civ. P. 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).  "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted).   Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it.  *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted).

### III.   ALLEGATIONS IN THE VERIFIED COMPLAINT AND ATTACHED DOCUMENTS.

Sheikh is of the Islamic faith.   He is a British citizen and a permanent resident of the United States.   He resides in Florida.   Doc. No. 1 at 4.   The amount in controversy in this case exceeds $75,000.  *Id.* at 6.

In 2009 and 2010, Sheikh was involved in a dispute with his ex-wife, Huma Mughal Sheikh ("Mughal"), over custody of the couple's two minor children.    Doc. No. 1 at 4, 8-9. Specifically, in December 2009,[2] Deputy Ihnken made a "Wellbeing Check" in response to a call Mughal made to the Volusia County Sheriff's Office.  *Id.* at 9.   During the visit, Mughal told Deputy Ihnken that Sheikh sent their two minor children to London, United Kingdom, without her permission.   *Id.*; Doc. No. 1-2 at 4.   Deputy Ihnken then advised Mughal to file charges against

---

[2] Sheikh alleges that the date was December 25, 2010, but the timeline of events set out in the complaint suggests that the correct date was December 25, 2009.  *See* Doc. No. 1 at 9-10; Doc. No. 1-2 at 4.

Sheikh for interference with child custody. Doc. No. 1 at 9.

Sheikh later met with Deputy Ihnken in December 2009 or January 2010. He told Deputy Ihnken that the children were staying with their grandparents in London while he worked to make his residence habitable and that they would return to Florida in March 2010. *Id.* at 10. He also told Deputy Ihnken that his ex-wife was violent toward their two minor children. *Id.*; Doc. No. 1-2 at 5.

When Sheikh's two minor children did not return to Florida in March 2010, Deputy Ihnken, ASA Martin, and Judge Grimes knew the causes for the delay of their return: a strike by British Airways employees; volcanic eruptions in Iceland; and, the medical condition of his minor son. Doc. No. 1 at 11. Nevertheless, Deputy Ihnken and ASA Martin filed two charges of interference with child custody against Sheikh.[3] *Id.* at 12; Doc. No. 1-6 at 1, 9. The charges were based on incorrect statements and omissions that Deputy Ihnken made in the charging affidavit. Doc. No. 1 at 11-12. Furthermore, ASA Martin urged Mughal to file the charges in order to coerce the return of the minor children from London. *Id.* at 12. Knowing all of this information, Judge Grimes signed an arrest warrant for Sheikh, and initially set the bond for his release at $50,000 so as to further coerce Sheikh to return the children from London. *Id.*; Doc. No. 1-6 at 9. In May 2010, Deputy Ihnken arrested Sheikh, who spent the next eleven to thirteen days in jail before he successfully obtained a reduction of his bond. *Id.* at 14; Doc. No. 1-2 at 7-8.

The minor children returned to the United States in June 2010. Doc. No. 1-2 at 9. During the weeks following their return, the minor children alternately stayed with Sheikh and Mughal, with the exchanges supervised by Deputy Ihnken and Sgt. Webster. *Id.* at 9-10. At some point, the exchanges stopped, and Sheikh did not have contact with, or custody of, his

---

[3] Fla. Stat. § 787.03 makes interference with custody a felony offense under some circumstances.

children for more than one year.  *Id.* at 10-11.  Subsequently, in August 2011, the State dismissed the interference with child custody charges against Sheikh.  *Id.* at 12; Doc. 1-6 at 1-2.

**IV.     ANALYSIS.**

    *A.     Original Jurisdiction.*

        1.     <u>Diversity Jurisdiction</u>.

This Court can exercise diversity jurisdiction in a case in which the matter in controversy exceeds $75,000 and the lawsuit is between citizens of a State and citizens or subjects of a foreign state, "except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]"  28 U.S.C. § 1332(a)(2). In the complaint, Sheikh alleges that he is a British citizen who is lawfully admitted for permanent residence in the United States and who resides in Florida.  He does not allege the citizenship of the individual defendants.  If, however, the individual defendants are citizens of Florida – a reasonable conclusion in light of the facts alleged in the Verified Complaint – this Court could not exercise diversity jurisdiction under § 1332(a)(2). Additionally, because "a State is not a 'citizen' for purposes of diversity jurisdiction," *Moor v. Alameda Cnty.,* 411 U.S. 693, 718 (1973), naming the State of Florida as a defendant also precludes this Court from exercising diversity jurisdiction.

        2.     <u>Federal Question Jurisdiction</u>.

This Court has federal question jurisdiction to consider violations of the Constitution, laws or treaties of the United States.  28 U.S.C. § 1331.  "'[A] plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction.'" *Austin v. City of Montgomery,* 353 F. App'x 188, 190 (11th Cir. 2009) (unpublished opinion cited as persuasive authority)

(quoting *Wyke v. Polk Cnty. Sch. Bd.,* 129 F.3d 560, 566 (11th Cir.1997)). "A claim is 'insubstantial' and may be dismissed if it 'has no plausible foundation . . . .'" *Id.* (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)).

Sheikh's general allegation that all of the Defendants violated his civil rights, Doc. No. 1 at 7, does not adequately allege the legal basis of his claim, and the facts alleged in the Verified Complaint do not provide a plausible foundation to conclude that each Defendant violated Sheikh's federally protected rights. Therefore, this allegation is not sufficient to allege a substantial federal question.

Sheikh's allegations that Defendants violated 18 U.S.C. §§ 241 and 242 also do not provide a basis to exercise federal question jurisdiction. Doc. No. 1 at 3. These statutes are federal criminal statutes. There is no private right of action for violation of these statutes. *See Hall v. Arias*, No. 1:12-CV-79-TMH, 2012 WL 1319488, at *1 (M.D. Ala. March 20, 2012) (citations omitted).

To the extent that Sheikh intends to rely on the federal Declaratory Judgment Act, that statute does not provide a basis for this Court to exercise federal question jurisdiction. The Declaratory Judgment Act does not, itself, confer federal question jurisdiction. *Jolly v. United States*, 488 F.2d 35, 36-37 (5th Cir. 1974) (citations omitted).

Liberally construing the complaint, Sheikh alleges that Judge Grimes violated his First, Fourth and Fourteenth Amendments rights and his right to due process under the Fifth and Fourteenth Amendments in signing an arrest warrant for Sheikh and setting Sheikh's bond, Doc. No. 1 at 2, 12. These allegations are sufficient for the Court to exercise federal question jurisdiction. *See Williams v. Wood*, 612 F. 2d 982, 984 (5th Cir. 1980) (per curiam).

3. *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes district courts from reviewing state court judgments. *Alvarez v. Attorney Gen.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (citation omitted). The doctrine also applies to claims that were not raised in the state court but are "inextricably intertwined' with the state court's judgment." *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (internal quotation omitted). The doctrine is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Sheikh does not allege that the state court has issued any final judgments. Therefore, it is not evident that the *Rooker-Feldman* doctrine applies in this case.

B.   *Federal Question Claims Against Judge Grimes.*

The allegations of the Verified Complaint are insufficient to state federal civil rights claims against Judge Grimes on which relief could be granted. "Judges are entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal quotations and citations omitted). A judge acts within his judicial capacity when (1) the act complained of constituted a normal judicial function, (2) the events occurred in the judge's chambers or in open court, (3) the controversy involved a case pending before the judge, and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Id.* (citation omitted). Further, injunctive relief may not be granted under

§ 1983 against a judicial officer for acts or omissions taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable.  42 U.S.C. § 1983.

Florida Circuit Court judges have exclusive original jurisdiction of all felonies.  Fla. Stat. § 26.012(2)(d).  As such, Judge Grimes, in his capacity as a Circuit Judge for the Seventh Judicial Circuit in and for Volusia County, had jurisdiction to issue a warrant for Sheikh's arrest and to set bond.  Because the facts alleged in the complaint show that Judge Grimes acted in his judicial capacity in a matter within his jurisdiction, he is absolutely immune from suit in his individual capacity for violation of Sheikh's federal constitutional rights under the doctrine of judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 9-11 (1991) (per curiam).

For these reasons, the claims against Judge Grimes for violation of Sheikh's rights under the Constitution of the United States must be dismissed.

  C.  *State Law Causes of Action.*

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may, however, decline to exercise supplemental jurisdiction when it dismisses all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  In considering whether to decline to exercise supplemental jurisdiction, a district court must also consider factors such as judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together.  *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S.715, 725–26 (1966)).

The only sufficiently pleaded claims within this Court's original jurisdiction are the federal civil rights claims alleged against Judge Grimes. As discussed above, because Judge Grimes has absolute judicial immunity, the federal question claims against him must be dismissed. Because the Court will dismiss the only claims within its original jurisdiction, it may also decline to exercise supplemental jurisdiction over the remaining state-law causes of action under § 1367(c).

Declining to exercise supplemental jurisdiction in this case is supported by judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together. It appears that the state court has already resolved some of the state law claims presented here against some defendants, and litigation appears to be continuing as to other defendants. Because that litigation is well underway, it would serve the interests of judicial economy not to duplicate the proceedings, and declining to engage in a second litigation of the same causes of action alleged in the state court litigation would be fair and convenient to the parties. It is reasonable to assume that the state court will try all of the state law causes of action together.

Therefore, I recommend that the Court decline to exercise jurisdiction over the fourteen counts alleging state law causes of action and dismiss them as well.

D.   *Leave to Amend and Instructions for Preparing Amended Complaint*.

Because Sheikh is proceeding *pro se*, I recommend that he be given leave to file an amended complaint.

To amend his complaint, Sheikh should file a new pleading entitled **Amended Complaint**. In the Amended Complaint, Sheikh **must name all defendants in the caption**. He must name as defendants only those persons who are responsible for the claims alleged.

Sheikh should allege each claim in a separate count of the Amended Complaint. Each count of the Amended Complaint should contain a caption that clearly states the legal basis for the claim and the defendant(s) he contends should be liable on that claim. Sheikh must allege all of the facts on which he bases each claim in the Amended Complaint without reliance on supporting exhibits (except the charging affidavit, discussed below). He may not refer back to, or seek to incorporate, the original complaint or any previously filed complaints in state court. Sheikh should not attach evidence to the Amended Complaint, and he should not include the names of his minor children or any personal identification information, such as social security numbers, dates of birth and medical information, in the Amended Complaint.

Sheikh should file as an exhibit to the Amended Complaint **only** the charging affidavit he contends is incorrect and incomplete. He must identify in the Amended Complaint the statements in that affidavit that he contends are incorrect and the information he contends was omitted.

Under § 1983, local governments are responsible only for their own illegal acts. They are not vicariously liable for their employees' actions. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (citations omitted). In order to impose liability on a local government, plaintiffs must prove that "'action pursuant to an official government policy' caused their injury." *Id.* (internal quotation omitted). Official policy includes: (1) decisions by lawmakers, (2) acts of policymaking officials, and (3) practices so persistent and widespread as to practically have the force of law. *Id.* Accordingly, to the extent that Sheikh wishes to allege constitutional violations against a government entity or government officer in his or her official capacity, he must allege the official policy of the government entity that damaged him. Generally, an allegation of failure to train employees properly must allege facts that show a pattern of similar constitutional violations by untrained employees sufficient to demonstrate that the government entity acted with

deliberate indifference.  *Id.* at 1360.

In considering how to amend his complaint, Sheikh should be mindful of other applicable law discussed below.  Even a *pro se* plaintiff is subject to sanctions for filing frivolous and vexatious complaints.  *See, e.g., United States v. Barker*, 182 F.R.D. 661, 662-65 (S.D. Ga. 1998).

The Eleventh Amendment to the United States Constitution bars federal courts from exercising jurisdiction over a State and its agencies unless that State consents.  *Abusaid v. Hillsborough Cnty. Bd of Cnty. Comm'rs*, 405 F.3d 1298, 1302-03 (11th Cir. 2005) (citations omitted). The State of Florida has not waived Eleventh Amendment immunity in § 1983 actions, *Spooner v. Dep't of Corrs.*, 514 So. 2d 1077, 1078 (Fla. 1987), nor has Congress abrogated the State's Eleventh Amendment immunity from § 1983 actions, *Williams v. Bd. of Regents*, 477 F.3d 1282, 1301 (11th Cir. 2007).

Prosecutors also have absolute immunity from § 1983 liability arising from their actions in initiating a prosecution and presenting the State's case. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted).  A prosecutor is also absolutely immune from suits alleging malicious prosecution.  *Id.*

Under Florida law, a public employee is absolutely immune from suits for defamation where the disputed communication was within the scope of the officer's duties.  *City of Miami v. Wardlow*, 403 So. 2d 414, 416 (Fla. 1981) (police officer immune from defamation suit seeking damages and injunctive relief for revealing the results of an internal investigation).  Moreover, defamation of character is not, standing alone, a constitutional violation.  *Paul v. Davis*, 424 U.S. 693, 709 (1976). Accordingly, defamation may not be validly raised as a constitutional violation under § 1983.

### V.  RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Sheikh's federal civil rights claims against Judge Grimes, **DECLINE** to exercise supplemental jurisdiction and **DISMISS** the fourteen state-law causes of action, and **DENY** the motion to proceed *in forma pauperis* (Doc No. 2) without prejudice. I further recommend that the Court give Sheikh leave to file an amended complaint and a renewed motion to proceed *in forma pauperis* within a time specified by the Court.   Sheikh should be advised that failure to file a proper amended complaint within the time specified by the Court may result in the case being closed without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 3, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy